IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ESTRADA,

                                                                         ORDER

                       Plaintiff,

                                                                       07-C-442-C

      v.

JAMES REED, M.D.,
MICHAEL CARR, HSA,
VIRGINIA JONES, HSA,
MR. HOBART, Warden, and
A. SALAS, Captain,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order dated September 14, 2007 I granted plaintiff leave to proceed in forma pauperis on his Eighth Amendment claims that defendants James Reed, Michael Carr, Virginia Jones, Mr. Hobart and A. Salas were deliberately indifferent to his medical needs. Now before the court is plaintiff's "procedural history of the case" that I construe as a motion for appointment of counsel. This motion will be denied.

       In deciding whether to appoint counsel for a pro se litigant, I must first consider whether plaintiff has made reasonable efforts to retain counsel on his own and has been unsuccessful. Jackson v. County of McLean, 953 F2d. 1070, 1073 (7th Cir. 1992). The

1

court considers that a litigant has made a reasonable effort to find a lawyer if he submits proof that he contacted three different lawyers who declined to take his case. Plaintiff's bald assertion that he "has written to over seven different attorneys in Wisconsin to no avail" is not sufficient for me to find that he has made the required effort to find a lawyer. At a minimum, I expect plaintiff to provide names and addresses of the attorneys who declined representation. Copies of correspondence would further help me determine whether plaintiff has exercised reasonable efforts. Plaintiff has provided none of this information. Therefore, I could deny plaintiff's motion on that ground alone.

Even if plaintiff had made the required effort to obtain counsel on his own, I must deny plaintiff's motion at this early stage of the lawsuit. The test for determining whether to appoint counsel for a pro se litigant is two-fold. "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. Pruitt v. Mote, ___ F.3d ___, 2007 WL 2850448 (7th Cir. Oct. 3, 2007). It is far too early to determine whether this is a factually difficult case. Aside from plaintiff's current motion, I can rely only on plaintiff's complaint and supporting briefs to determine the level of difficulty. Plaintiff appears to be capable of making legal arguments and has done a considerable amount of legal research to support his claims. Legally, this case is a routine case of medical need. Plaintiff must prove that 1) he had a serious health care need; 2) defendants knew plaintiff needed care; and 3) despite their

2

awareness of the need, defendants failed to take reasonable measures to provide the necessary care.

Plaintiff avers in his motion that he needs the assistance of counsel because he "is a lay man without knowledge of the law or procedural actions." To the extent that plaintiff contends he does not have the required legal knowledge to litigate his case, this is a common plight of every pro se plaintiff. As Judge Rovner noted in her concurring opinion in Pruitt, Id. at 14.

> [r]equests for counsel typically are made by plaintiffs . . . at the outset of litigation, and at that stage district judges frequently, and with good reason, will deny those requests. The motions are often generic and identify no circumstance other than the plaintiff's lack of legal knowledge and ability—a disadvantage nearly all unrepresented litigants share—in support of the request.

This is precisely the argument plaintiff makes. Nothing in his motion or in the record thus far indicates that he lacks the ability to litigate this case on his own. Therefore, I will deny

3

plaintiff's motion for appointment of counsel at this time, without prejudice.

## ORDER

IT IS ORDERED that plaintiff's motion for appointment of counsel is DENIED, without prejudice.

Entered this 18th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4