IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ESTRADA,

                 Plaintiff,

       v.

JAMES REED, M.D.,
MICHAEL CARR, HSA,
VIRGINIA JONES, HSA,
MR. HOBART, Warden, and
A. SALAS, Captain,

                 Defendants.

ORDER

07-C-442-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 9, 2007, the Court of Appeals for the Seventh Circuit issued its decision in George v. Smith, --- F.3d ---, No. 07-1325 (7th Cir. Nov. 9, 2007) (copy attached), ruling that a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit.  Rather, district courts must sever unrelated claims against different defendants or sets of defendants and require that the claims be brought in separate lawsuits. In response to the George opinion, defendants have filed a "Motion for Bifurcation of Claims" in this lawsuit.  Plaintiff has responded to that motion by filing a second motion for

1

appointment of counsel.  I will address each motion below.

I construe defendants' motion to bifurcate as a motion to sever plaintiff's claims against the named defendants into four separate lawsuits.  Defendants argue that severance is proper under the Federal Rules of Civil Procedure because, in their view, plaintiff has raised four unrelated claims against five different defendants.  The claims on which plaintiff has been allowed to proceed in this case are as follows:

1.  Defendants Warden Hobart and A. Salas exhibited deliberate indifference to plaintiff's serious medical needs when they denied plaintiff adaptive aids when he was placed in the Special Housing Unit at the Federal Correctional Institution in Oxford, Wisconsin.

2.  Defendant Virginia Jones exhibited deliberate indifference to plaintiff's serious medical needs when she failed to take reasonable steps to insure that plaintiff received appropriate monitoring of his vital signs and medication after he submitted a complaint to her.

3.  Defendant Salas exhibited deliberate indifference to plaintiff's serious medical needs when he refused to comply with the recommendation of plaintiff's doctor that he be provided a table and chair in his cell for rehabilitative purposes.

4.  Defendants Michael Carr and James Reed exhibited deliberate indifference to plaintiff's serious medical needs when they denied him a splint to prevent painful hyperextension of his finger.

2

5.  Defendant Reed exhibited deliberate indifference to plaintiff's serious medical needs when he failed to take reasonable steps to insure that plaintiff received appropriate monitoring of his vital signs, medication and therapy to help him recover from his stroke.

Defendants admit that the law governing plaintiff's claim against each defendant is the same.  In each instance, plaintiff will have to prove that the defendant was deliberately indifferent to his serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  However, defendants argue, because plaintiff must prove one set of facts to show that defendants Hobart and Salas refused plaintiff adaptive aids in the Special Housing Unit of the prison, another set of facts to show that defendant Salas refused to give him a table and chair, another set of facts to show that defendants Carr and Reed denied him a splint and another set of facts to prove the defendant Reed failed to monitor his vital signs, medication and therapy to help him recover from his stroke, each claim is factually independent and, therefore, must be separated in accordance with Fed. R. Civ. P. 18.

In George, the court of appeals reminded district courts that Fed. R. Civ. P. 18 and 20 apply as much to prisoner cases as they do to any other case.  Fed. R. Civ. P. 18(a) governs the number of *claims* a party may bring against another party.  It provides that a party may raise "as many claims, legal, equitable, or maritime, as the party has against an opposing party.  Therefore, for example, if plaintiff had sued defendant Reed for failing to monitor his vital signs following his stroke and for neglecting to treat plaintiff a year earlier

3

for an infection, Rule 18 would permit plaintiff to sue Reed on both the claims in one lawsuit, even though the facts pertaining to each claim are unrelated.

Fed. R. Civ. P. 20(a) governs the number of *parties* a plaintiff may join in any one action.  It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants."  Rules 18 and 20 operate independently.  7 Charles Alan Wright et al., Federal Practice & Procedure, § 1655 (3d ed. 1972).  Thus, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences *and* presents questions of law or fact common to all.  Id.; 3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978).  If the requirements for joinder of parties have been satisfied under Rule 20, only then may Rule 18 be used to allow the plaintiff to join as many other claims as the plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.  Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure).

In applying Rule 20 to this case, I conclude that plaintiff's claims against all of the defendants are properly raised in a single lawsuit.  The allegations in plaintiff's complaint

4

allow an inference to be drawn that he suffered multiple negative physical effects from a stroke he suffered on April 30, 2005, and that the various defendants in this case failed in one way or another to attend to his need for treatment, rehabilitation or preventive care. Thus, plaintiff's right to relief against each defendant arises out of the same occurrence or series of occurrences. Accordingly, defendants' motion for severance of plaintiff's claims will be denied.

I turn then to plaintiff's second motion for appointment of counsel. In support of this motion, plaintiff has provided a list of lawyers and letters he has received from lawyers who decline to represent him in this lawsuit. This satisfies plaintiff's threshhold obligation to make an effort to find a lawyer on his own. However, as I told plaintiff in the order of October 18, 2007, denying his first motion for appointment of counsel, the test for determining whether to appoint counsel for a pro se litigant is two-fold. "[T]he question is whether the difficulty of the case - - - factually and legally - - - exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. <u>Pruitt v. Mote</u>, ___ F.3d ___, 2007 WL 2850448 (7th Cir. Oct. 3, 2007).

When I denied plaintiff's first motion, I told him that at this early stage of the lawsuit, there is nothing in the record to suggest that his case is factually or legally difficult or that he is incapable of gathering and presenting evidence to prove his claims. This situation has not changed. Therefore, plaintiff's second motion for appointment of counsel

5

will be denied.

ORDER

IT IS ORDERED that

1.  Defendants' "Motion for Bifurcation of Claims" is DENIED; and

2.  Plaintiff's second motion for appointment of counsel is DENIED.

Entered this 3d day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6