IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ESTRADA,

                                                      OPINION and ORDER

                  Plaintiff,

                                                      07-cv-442-bbc

        v.

JAMES REED, M.D.,
MICHAEL CARR, HSA,
VIRGINIA JONES, HSA,
MR. HOBART, Warden, and
A. SALAS, Captain,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff, a prisoner presently confined at the Federal Medical Center in Springfield, Missouri, is proceeding in this case on his claims that defendants were deliberately indifferent to a variety of medical needs plaintiff had while he was confined at the Federal Correctional Institution, Oxford, Wisconsin, following a stroke he suffered in 2005. He was allowed to proceed on his deliberate indifference claims that defendants Warden Hobart and A. Salas denied him adaptive aids when he was placed in the Special Housing Unit at FCI-Oxford; defendant Virginia Jones failed to take reasonable steps to insure that he received appropriate monitoring of his vital signs and medication after he submitted a complaint to

1

her; defendant Salas denied the recommendation of his doctor that he needed a table and chair in his cell for rehabilitative purposes; defendants Michael Carr and James Reed denied him a splint to prevent painful hyperextention of his finger; and defendant Reed failed to take reasonable steps to insure that he received appropriate monitoring of his vital signs, medication and therapy to help him recover from his stroke.

Now before the court is defendants' motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies on all his claims except for the claim that he was denied physical therapy. In the alternative, they move for summary judgment on the merits of plaintiff's Eighth Amendment claims. I conclude that plaintiff has not exhausted his administrative remedies on any of his claims except for his claim that defendant Dr. Reed denied him therapy to help him recover from his stroke. I will grant defendants' motion for summary judgment on those claims and dismiss them without prejudice. I conclude also that because plaintiff has failed to adduce sufficient evidence to raise a triable issue on his claim that defendant Reed was deliberately indifferent to his serious medical needs by denying him occupational and physical therapy, defendant Reed is entitled to summary judgment on this claim.

From the facts proposed by the parties, I find that the following facts are material and undisputed.

2

UNDISPUTED FACTS

A. Parties

Plaintiff David Estrada is a prisoner who is presently incarcerated at the U.S. Medical Center in Springfield, Missouri. At times relevant to this case, he was confined at the Federal Correctional Institution in Oxford, Wisconsin.

At times relevant to this complaint, defendants Virginia Jones and Michael Carr were health services administrators at the FCI-Oxford. Defendant Antonio Salas was a captain, defendant Stephen Hobart was the warden and defendant James Reed was the clinical director.

B. Medical Treatment

On April 30, 2005, plaintiff suffered a stroke at FCI-Oxford and was transferred by ambulance to Divine Savior Health Care in Portage, Wisconsin. On May 1, 2005, he was transferred to the University of Wisconsin Hospitals in Madison, Wisconsin. On May 6, 2005, he was discharged and admitted to Moundview Memorial Hospital and Clinics in Friendship, Wisconsin, for physical and occupational therapy rehabilitation. While plaintiff was at Moundview, defendant Reed received updates on his condition from the treating physicians. On or about May 6, 2005, defendant Reed submitted a request to a medical center because it was clear that plaintiff would need therapy that could be better provided

3

at a medical center than at the institution.

Because plaintiff's strength improved, he was discharged and transferred back to the institution on May 26, 2005. He was placed in a cell in the Special Housing Unit because Dr. Reed believed it was in his best medical interests. Plaintiff's wheelchair and three-pronged walking stick were unnecessary in his cell because it was such a small cell. On May 31, 2005, plaintiff was taken back to Moundview for physical and occupational therapy evaluation and was given a set of exercises to perform. One of these exercises could not be performed in plaintiff's cell because he did not have a table in his cell. On June 2, 2005, plaintiff attended his physical and occupational therapy appointment at Moundview and his vital signs were checked. He continued to have therapy at Moundview through the month of June. Plaintiff's vital signs and medications were monitored consistently throughout the month of June. On June 30, 2005, plaintiff was transferred to the Federal Medical Center in Rochester, Minnesota.

On February 1, 2006, plaintiff returned to the FCI-Oxford. Plaintiff's vital signs and medication were monitored regularly during the winter and spring of 2006. On June 7, 2006, plaintiff requested more physical therapy to improve the strength in his left arm. Dr. Reed approved this request and submitted a physical therapy consultation. On July 20, 2006, plaintiff had an initial physical therapy evaluation at Divine Savior Hospital. On October 25, 2006, Dr. Reed requested another physical therapy consultation for plaintiff.

4

On November 27, 2006, plaintiff was evaluated by a physical therapist.

On January 5, 2007, plaintiff asked defendants Reed and Carr for a new splint for his left finger. He did not receive one.

### C. Exhaustion of Administrative Remedies

On September 8, 2006, plaintiff submitted a Request for Administrative Remedy. He complained about the lack of physical therapy he was receiving at the Federal Correctional Institution in Oxford since he had returned from the medical center. He also complained that defendant Reed had failed to monitor his condition in the past three months. On September 27, 2006, Warden R. Martinez responded to plaintiff's request, stating: "Based on the outside physical therapists' consultation, the Clinical Director and the Health Services Administrator have submitted a request for your transfer to a Federal Medical Center."

On October 5, 2006, plaintiff filed a Regional Administrative Remedy Appeal. He complained about a lack of therapy and asked that the transfer to a medical facility be expedited. On December 7, 2006, plaintiff received a response that he had been approved for a medical transfer and that he should sign up for sick call for symptomatic concerns.

On January 10, 2007, plaintiff filed a Central Office Administrative Remedy Appeal, complaining that he was not receiving therapy and asking that his transfer to a medical

facility be expedited. On March 23, 2007, the Central Office denied plaintiff's appeal.

OPINION

A. Exhaustion of Administrative Remedies

Defendants contend that plaintiff has not exhausted his administrative remedies as to all his claims. An inmate must exhaust administrative remedies before filing a lawsuit in federal court. Perez v. Wisconsin Dept. of Corrections, 182 F. 3d. 532, 535 (7th Cir. 1999). Proper exhaustion of administrative remedies requires using all the procedures that the agency provides. Woodford v. Ngo, 548 U.S.81, 90 (2006). The Bureau of Prisons provides a three-step administrative remedy procedure. 28 C.F.R. §§542.14 and 542.15. An inmate must first submit an Administrative Remedy Request (BP-9). An inmate who is not satisfied with the warden's response to the administrative remedy request may submit an Appeal (BP-10) to the appropriate regional director. An inmate who is not satisfied with the regional director's response may file a Central Office Administrative Remedy appeal. (BP-11).

The facts show that on September 8, 2006, plaintiff filed an administrative request to the warden, complaining that he had been denied physical therapy. He also complained that defendant Reed had not monitored his care in the past three months. On September 27, 2006, the warden responded that he had requested a transfer to a medical center for plaintiff. When plaintiff filed his appeal to the regional administrator, he complained about

6

a lack of therapy only and asked that the transfer to a medical facility be expedited. On January 10, 2007, plaintiff filed a Central Office Administrative Remedy Appeal complaining that he was not receiving therapy and asking that his transfer to a medical facility be expedited.

In his administrative remedy request, plaintiff did not include his complaints that defendants Hobart and Salas exhibited deliberate indifference to plaintiff's serious medical needs when they denied him adaptive aids while he was placed in the Special Housing Unit and when defendant Salas denied him a table and chair in his cell to enable him to perform one of his therapy exercises. Therefore, I find that these claims must be dismissed without prejudice for plaintiff's failure to exhaust his administrative remedies.

Moreover, plaintiff did not exhaust his administrative remedies on his claim that defendants Michael Carr and Dr. Reed denied him a splint for his finger. This incident occurred in January 2007 after plaintiff filed his administrative remedy request. This claim will also be dismissed without prejudice.

Plaintiff's September 8 administrative complaint concerning Dr. Reed's failure to monitor his care for three months may be read to include plaintiff's complaints that defendants Reed and Jones failed to monitor his vital signs and medication. However, because plaintiff did not include these complaints in either his appeal to the regional administrator or to the central office, he did not completely exhaust his administrative

7

remedies on these claims and they will be dismissed without prejudice. Defendants concede that plaintiff has exhausted his administrative remedies on his claim that defendant Reed denied him physical therapy. Therefore, I will address defendant Reed's motion for summary judgment on the merits of plaintiff's Eighth Amendment claim.

### B. Eighth Amendment Claim

The Eighth Amendment prohibits prison officials from showing deliberate indifference to prisoners' serious medical needs or suffering. Estelle v. Gamble, 429 U.S. 97, 103 (1976). "Serious medical needs" include (1) conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated; (2) those in which the deliberately indifferent withholding of medical care results in needless pain and suffering; and (3) conditions that have been "diagnosed by a physician as mandating treatment." Gutierrez v. Peters, 111 F.3d 1364, 1371-73 (7th Cir. 1997).

Deliberate indifference requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually "draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference may be evidenced by a defendant's actual intent or reckless disregard for a prisoner's health or safety, and must amount to highly unreasonable conduct or a gross departure from ordinary care in a situation in which a high degree of danger is readily

apparent.  Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985).

After considering the facts presented by both parties, I conclude that plaintiff has failed to show that defendant Reed was deliberately indifferent to his serious medical need. Plaintiff's April 20, 2005 stroke was serious and required treatment.  He received inpatient treatment until May 26, 2005.  When plaintiff was released from Moundview Memorial Hospital, defendant Reed ordered ongoing physical and occupational therapy at Moundview Hospital for plaintiff through the month of June until he was transferred to the Federal Medical Center in Rochester, Minnesota.  During this time period, Dr. Reed provided plaintiff with continuing physical and occupational therapy.  I cannot find that Dr. Reed was deliberately indifferent to plaintiff's serious medical needs during this time.

After plaintiff returned to Oxford in February 2006, his vital signs and medication were monitored regularly.  Dr. Reed approved a request from plaintiff in June 2006 for physical therapy and submitted a physical therapy consultation.  On July 20, 2006, plaintiff had an initial physical therapy evaluation at Divine Savior Hospital.  On October 25, 2006, Dr. Reed requested another physical therapy consultation for plaintiff.  On November 27, 2006, plaintiff was evaluated by a physical therapist.

Plaintiff has not shown that defendant Reed was deliberately indifferent to his request for physical therapy.  Therefore, defendant Reed's motion for summary judgment on this Eighth Amendment claim that he was denied therapy will be granted.

9

ORDER

IT IS ORDERED that:

1. The motion of defendants James Reed, Michael Carr, Virginia Jones, Mr. Hobart and A. Salas for summary judgment, dkt. # 29, is GRANTED.

2. Plaintiff's Eighth Amendment claims that defendants Hobart and Salas denied him adaptive aids when he was placed in the Special Housing Unit, that defendant Salas denied him a table and chair in his cell to enable him to perform one of his therapy exercises, that defendants Jones and Reed failed to take reasonable steps to monitor his vital signs and medication and that defendants Carr and Reed denied him a splint for his finger are DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies as to these claims.

3. Plaintiff's claim that defendant Dr. Reed was deliberately indifferent to his serious medical needs is DISMISSED with prejudice.

Entered this 18th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge